## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**HENRY DESHOTEL ET AL**                    **CASE NO.  6:20-CV-00692**

**VERSUS**                                  **JUDGE SUMMERHAYS**

**ONLYMOSO U S A CORP ET AL**        **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Transfer Venue filed by Defendant, OnlyMoso USA Corp. (Rec. Doc. 13). Plaintiffs opposed the Motion (Rec. Doc. 16), and OnlyMoso replied (Rec. Doc. 20). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendant's Motion be GRANTED.

### Factual Background

Plaintiffs are Louisiana landowners who purchased bamboo plants from OnlyMoso, a Florida corporation, for commercial purposes. They allege OnlyMoso's bamboo plants failed to perform as OnlyMoso represented and died because they were defective and/or ill-suited to be grown in Louisiana. (Rec. Doc. 1).

Plaintiffs executed "OnlyMoso Asper Order forms" with the OnlyMoso representative, Bob Posegay, between 2017 and 2019, in which the quantity of "mother plants" purchased was itemized. (Rec. Doc. 13-2; 13-3). Each order form contained the following statement: "I wish to enter into a Buy-back Agreement with OnlyMoso U.S.A. Corp. for 10 years for __ Acres and enter the Deferment Program for the Buy-Back Agreement in the amount equal to ___ to refund back to OnlyMoso Usa Corp. as descripted in the buy back agreement."[1] (Rec. Doc. 13-2; 13-3). Each Plaintiff also completed an agreement entitled "Terms and Conditions – 10 Year Buy Back Agreement ASPER." (*Id*.) According to OnlyMoso, the Buy Back Agreement was printed on the back of each order form. (Rec. Doc. 20, p. 2). Except for the agreement applicable to Plantation Trace Development, LLC, each Buy Back Agreement contained the following statement: For any litigation that may arise out of, under or in connection with this contract, the venue shall be Miami-Dade County, Florida." The Plantation Trace order form contains a handwritten statement, "Jurisdiction is New Orleans," and its Buy Back Agreement states that "...venue shall be New Orleans, Louisiana." (Rec. Doc. 13-2).

Plaintiffs filed suit in this Court in June 2020. OnlyMoso filed the instant Motion, pursuant to the foregoing contracts, seeking to transfer venue of all

---

[1]    Verbatim. The blanks in each order form were filled out respectively.

Plaintiffs' cases, except Plantation Trace, to the Southern District of Florida (which encompasses Miami-Dade County), and Plantation Trace's case to the Eastern District of Louisiana (which encompasses New Orleans). OnlyMoso did not formally move to sever Plantation Trace's case from the remaining cases; however, pursuant to the Court's request, Plaintiffs advised that, in the event of transfer, Plantation Trace should be severed from the remaining Plaintiffs. (Rec. Doc. 25).

## Law and Analysis

### I.     Applicability of the Forum Selection Clause.

Plaintiffs first argue the forum selection clause set forth in the Buy Back Agreements does not apply to their claims for negligence, breach of contract, and breach of warranty, *inter alia*, arising out of their purchase agreements, as memorialized in the order forms. Plaintiffs argue that the order forms and Buy Back Agreements constitute separate and distinct agreements, such that the Buy Back Agreements' forum selection clause cannot be imposed upon disputes arising under the purchase agreement. OnlyMoso counters that the purchase agreements essentially co-existed with the Buy Back Agreements. OnlyMoso contends that the Buy Back Agreements, physically located on the back of each order form, were incorporated by reference into the order forms. The Court must first determine which law governs this issue of contract interpretation.

Ordinarily, the forum state's substantive law governs in diversity cases. *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007). However, federal law governs as to the enforceability of forum selection clauses even in diversity cases. *Barnett v. DynCorp Int'l, L.L.C.,* 831 F.3d 296, 301 (5th Cir. 2016), citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). "When the 'interpretation' of a forum-selection clause is at issue in a diversity case, however, we apply the forum state's choice-of-law rules to determine what substantive law governs." *Id*., citing *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770-71 (5th Cir. 2016). But which law governs the contractual interpretation necessary for the analysis of whether a forum selection clause even applies? The Fifth Circuit in *Barnett*, *supra*, framed the issue as one of "validity," rather than "enforceability," and acknowledged the friction between two alternative holdings: 1) "validity" and "enforceability" are synonymous, such that federal law applies to both inquiries; versus 2) validity is determined pursuant to the forum state's law, while enforceability is determined pursuant to federal law. The court ultimately deferred, choosing not to resolve the question because the result was the same in that case under either conclusion. See also *Al Copeland Investments, L.L.C. v. First Specialty Ins. Corp.,* 884 F.3d 540, 543, fn. 2 (5th Cir. 2018), wherein the court again declined to definitively decide which law applies to determine validity.

Recently, the Fifth Circuit cited its earlier opinion in *Barnett* and then applied the contract interpretation rules of the forum state (Texas in that case) to determine that a forum selection clause was incorporated by reference into the primary contract. *Sierra Frac Sand, L.L.C. v. CDE Glob. Ltd.,* 960 F.3d 200, 203 (5th Cir. 2020). Although the parties in that case did not challenge the choice of law applied to the issue of validity, *Sierra Frac Sand* seems to support the conclusion that the forum state's law may permissibly be applied to the question of validity. Similarly, another division of this Court has applied forum state (Louisiana) law to the question of whether a forum selection clause was incorporated by reference into a contract; however, that case is pending appeal to the Fifth Circuit. *PCL Civil Constructors, Inc. v. Arch Ins. Co.,* No. CV 19-0491, 2020 WL 1068160, at *2 (W.D. La. Mar. 5, 2020).

Further complicating matters in this case is the choice of law provision in the Buy Back Agreement: "This contract is made and executed under the laws of the State of Florida and intended to be governed by the laws of said State." (See e.g. Rec. Doc. 13-2, p. 2). However, the Court need not consider the effect of Florida law *at this stage*, because the initial question is whether the Buy Back Agreement (which contains the choice of law provision) is incorporated by reference into the order form.

Likewise, this Court need not decide whether Louisiana or federal law applies to the question of validity, because both jurisdictions recognize the incorporation by reference doctrine. Under Louisiana law, "[T]he jurisprudence is clear that documents may be incorporated in contracts by attachment or reference thereto .... [These writings] become a part of the agreement between the parties with the same force and effect as if the provisions had been contained in the basic contract ...." *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.,* 689 F.3d 380, 394 (5th Cir. 2012), quoting *Action Fin. Corp. v. Nichols,* 180 So.2d 81, 83 (La. 2d Cir. 1965). In *Action Fin. Corp*., the court held that terms and conditions set forth on the back of a chattel mortgage document were enforceable where the parties had executed the agreement on the front and clearly intended to incorporate the terms of the agreement on the back. *Action Fin. Corp*., 180 So.2d at 84. Similarly, "[u]nder [federal law] general contract principles, where a contract expressly refers to and incorporates another instrument in specific terms which show a clear intent to incorporate that instrument into the contract, both instruments are to be construed together. *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.,* 648 F.3d 258, 267 (5th Cir. 2011).

The Court finds that the order form sufficiently incorporates by reference the Buy Back Agreement printed on the reverse side. The Court is persuaded by the fact that the order form specifically includes an agreement to enter into a buy back agreement, which is physically attached to the order form. The order form did not

give purchasers the option to opt out of the buy back agreement, such as with a box to check or some other indication that the Buy Back Agreement was optional. All parties completed the blanks on the order forms indicating acres and refunds applicable to their respective Buy Back Agreements, and all parties separately executed the Buy Back Agreements. (Rec. Doc. 13-2; 13-3). Hence, the Court finds that the order form incorporated the Buy Back Agreement by reference.

Plaintiffs contend that the forum selection clause, even if incorporated by reference, does not apply to their claims arising out of the purchase agreement, because the clause, printed on the Buy Back Agreement, states: "For any litigation that may arise out of, under or in connection with this contract…" Plaintiffs argue "this contract" refers only to the Buy Back Agreement – not the order form – and that their claims in this suit are unrelated to the Buy Back Agreement. This argument poses a forum selection clause "interpretation" issue, which is to be governed by the law dictated by the forum state's choice of law rules. *Barnett*, 831 F.3d at 301, citing *Weber*, 811 F.3d at 770-71. The previously irrelevant choice of law provision, designating Florida's laws as governing, now becomes relevant. Nonetheless, the Court is saved from a complicated choice of law analysis by the fact that Louisiana, Florida, and federal general contract law ensconce the same general principles of contract interpretation. Contracts are to be interpreted based upon their plain meaning. Only if a contract is ambiguous or the parties' intent is unclear should the

court resort to rules of construction. *In re Liljeberg Enterprises, Inc.,* 304 F.3d 410, 439–40 (5th Cir. 2002); *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1293 (11th Cir. 2019); *Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816, 821–22 (5th Cir. 2003).

The Court agrees with Defendants that the order forms and Buy Back Agreements should not be treated as separate and distinct contracts. The documents evidence a clear intention that Plaintiffs' purchase of the bamboo was part and parcel of the agreement that OnlyMoso would buy back the bamboo. As discussed above, the order form does not provide purchasers the option to opt out of the buy back agreement. Moreover, the OnlyMoso sales literature provided to Plaintiffs highlights OnlyMoso's guaranteed buy back contract as an incentive for investing in the bamboo. (Rec. Doc. 16-2, p. 5, 10, and 15). Therefore, "this contract," as set forth in the forum selection clause must refer to the entire contract, which includes Plaintiffs' agreement to purchase and OnlyMoso's agreement to buy back the bamboo. Considering the inter-relatedness of the order form and buy back agreement, and in light of the Supreme Court's and the Fifth Circuit's unwillingness to deviate from contracting parties' agreement to litigate in a particular forum, absent extreme circumstances, this Court finds that the forum selection clause in the Buy Back Agreement should be imputed to all claims.

## II.    __Enforceability of the Forum Selection Clause.__

28 U.S.C. §1404, which addresses change of venue based on convenience, provides the mechanism for the enforcement of forum selection causes. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013). When a motion to transfer venue involves a valid mandatory forum selection clause, the court is to conduct a modified analysis under §1404(a), wherein the forum selection clause is to be 'given controlling weight in all but the most exceptional cases.' *Id.*, citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016).

The Fifth Circuit summarized the *Atlantic Marine* modified §1404(a) analysis to be applied in cases involving a valid mandatory forum selection clause as follows:

> First, the plaintiff's choice of forum "merits no weight"; instead he has the burden of establishing that §1404(a) transfer or FNC dismissal is unwarranted. And second, the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they "waive the right to challenge their preselected forum as inconvenient...." Instead, the court should consider *only* public-interest factors. "Because those factors will rarely defeat a transfer motion, the practical result is that [FSCs] should control except in unusual cases." Cases in which the public-interest factors are sufficiently strong to outweigh a valid FSC "will not be common."

> *Weber*, 811 F.3d at 767 (5th Cir. 2016), citing *Atlantic Marine*, 571 U.S. at 63-64.

The foregoing *Atlantic Marine* analysis applies only to forum selection clauses which are mandatory, as opposed to permissive:

> A mandatory FSC [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. An FSC is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum-and language merely indicating that the courts of a particular place "shall have jurisdiction" (or similar) is insufficient to make an FSC mandatory.

> *Weber,* 811 F.3d at 768, citing *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127–28 (5th Cir.1994) and *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"),* 314 F.3d 494, 500 (10th Cir.2002).

If the forum selection clause is permissive, the court should apply the traditional §1404(a) analysis. See *Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Par. ex rel. Jefferson Par. Council*, 594 Fed.Appx. 820, 821 (5th Cir. 2014). Thus, the initial inquiry is whether the forum selection clause is mandatory or permissive.

The Court must determine whether the forum selection clause at issue—*...the venue shall be Miami-Dade County, Florida* [New Orleans, Louisiana in the case of Plantation Trace]—"contains clear language specifying that litigation *must* occur in the specified forum." *Weber*, 811 F.3d at 768. Stated differently, a mandatory forum selection clause clearly implicates the parties' intent to litigate exclusively in a particular court.

> For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. It is important to distinguish between jurisdiction and venue when interpreting such clauses. Although it is not necessary for such a clause to use the word 'venue' or 'forum,' it must do more than establish that one forum will have jurisdiction.
>
> *City of New Orleans v. Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir. 2004), citing *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir.1974).

In reviewing similar forum selection clauses interpreted by the jurisprudence, the Court finds the clause at issue in this case is mandatory, because it clearly demonstrates the parties' intent to litigate only in Florida. See e.g. *All. Health Grp., LLC v. Bridging Health Options, LLC,* 553 F.3d 397, 399 (5th Cir. 2008) ("exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi")*; Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13 (5th Cir. 1995) ("The legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas."). *Interactive Music Tech., LLC v. Roland Corp. U.S*., No. CIV.A. 6:07-CV-282, 2008 WL 245142, at *3, fn. 4 (E.D. Tex. Jan. 29, 2008) ("venue over any dispute arising out of this Agreement shall lie in the state or federal courts sitting in Los Angeles or Orange County, California."), and cases cited therein.

Having determined that the forum selection clause is mandatory, the Court must employ Atlantic Marine's modified §1404(a) analysis. The Fifth Circuit

applies a strong presumption in favor of mandatory forum selection clauses. *Weber,*

811 F.3d at 773.

> The presumption of enforceability may be overcome, however, by a clear showing that the clause is 'unreasonable' under the circumstances. Unreasonableness potentially exists where (1) the incorporation of the [FSC] into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the [FSC] would contravene a strong public policy of the forum state.
>
> *Id.*, quoting *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 7 (1972)).

Plaintiffs rely upon the second and fourth circumstances of unreasonableness.

Plaintiffs first contend they will be deprived of their day in court because the Florida

court will not have the power to compel Louisiana witnesses to testify in Florida.

Plaintiffs assert the majority of key witnesses, including OnlyMoso representatives

who sold the bamboo and Louisiana Department of Agriculture and Forestry and

Louisiana State University Agriculture Department representatives who can testify

regarding the varieties of bamboo that are commercially feasible in Louisiana, are

located in Louisiana beyond the Florida court's F.R.C.P. Rule 45 subpoena power.

The inability to compel witness attendance is considered a private interest factor in

the §1404(a) analysis. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 316 (5th Cir.

2008). When parties agree to a forum-selection clause, they waive the right to

challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. *Atlantic Marine*, 571 U.S. at 64. As such, in agreeing to a valid forum selection clause, the plaintiff waives consideration of private interest factors. *Id*. Thus, the Court finds Plaintiffs' argument in this regard unavailing.

Notwithstanding Plaintiffs' implicit waiver of convenience arguments, the Federal Rules of Civil Procedure offer remedies for the inability to compel witness attendance beyond 100 miles. For instance, a witness may be compelled to attend trial or a deposition within the state where he lives pursuant F.R.C.P. Rule 45(c)(1)(B). Further, as the Court and the parties should be aware in this pandemic era, proceedings by video conference can be easily accomplished. Thus, the Court finds that Florida would not be so gravely inconvenient or unfair as to deprive Plaintiffs of their day in court.

Plaintiffs also urge the Court to circumvent the mandatory forum selection clause on the grounds that enforcement would contravene a strong public policy of Louisiana. In this vein, Plaintiff argues Louisiana has a greater local interest in the dispute involving its property owners and bamboo grown on its property. The Court interprets the public policy contemplated by the *M/S Bremen* analysis as one against the enforcement of forum selection clauses. Louisiana does not recognize such a public policy. See discussion in *Al Copeland Investments, L.L.C. v. First Specialty*

13

*Ins. Corp.,* 884 F.3d 540, 543 (5th Cir. 2018); *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 2013-1977 (La. 7/1/14), 148 So. 3d 871, 878. Hence, the Court finds that Plaintiffs are not be entitled to contravention of the forum selection clause on these grounds.

The Court finds that Plaintiffs cannot overcome the presumption of enforceability of the forum selection clause. This holds true even after considering public interest factors, which are:

> (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty.

> *DTEX,* 508 F.3d at 794, citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d at 1162-63; and *Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 342 (5th Cir.1999).

Plaintiffs rely on the second (local interest) and the fourth (conflicts of law) factors, arguing that the events giving rise to the litigation occurred in this state and that Florida might falter with Louisiana law, particularly redhibition, tortious interference with contracts and implied warranty claims. Neither argument is persuasive. First, regarding local interest considerations, although the bamboo may have been planted in Louisiana, OnlyMoso is domiciled in Florida, where its research and development team is conceivably located. Hence, the conflict is not

14

limited to Louisiana soil. Second, regarding Florida's interpretation of Louisiana law, the Court does not perceive that the Florida courts would be so unable to analyze Louisiana legal issues that it would be unable to reach a just resolution. Although Louisiana law may present some unique issues, the wide availability of modern research tools for the courts and practitioners alleviates any such concerns. These considerations are even less of a concern in the Plantation Trace case, which designates New Orleans as its forum. Thus, the Court finds that public interest factors do not weigh against transfer and that the case should be transferred pursuant to the parties' contracts.

### III.    Plantation Trace Forum Selection Clause.

The analysis of whether the Plantation Trace case should be transferred is rendered more complicated by the presence of two forum selections clauses: "Jurisdiction is New Orleans," handwritten on the order form; and "…venue shall be New Orleans, Louisiana," stated in the Buy Back Agreement. (Rec. Doc. 13-3). For the same reasons the other Plaintiffs' forum selection clause was mandatory, the Court finds that Plantation Trace's forum selection clause as set forth in the Buy Back Agreement is mandatory.

On the other hand, the Court finds that the forum selection clause handwritten on the order form is permissive, because it does not contain clear language specifying that litigation must occur in New Orleans and does not evidence the

parties' intent to litigate *exclusively* in New Orleans. See e.g. *Keaty v. Freeport Indonesia, Inc.*, wherein the Fifth Circuit considered the phrase: "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York." *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956 (5th Cir. 1974). See also *Caldas & Sons Inc. v. Willingham*, in which the Fifth Circuit found the clause, "[t]he laws and courts of Zurich are applicable," to be permissive. *Caldas*, 17 F.3d at 127. See also *CM Constr. & Excavation LLC v. Worley Servs. Inc*., No. 6:19-CV-00048, 2019 WL 2896594, at *3 (W.D. La. Apr. 29, 2019), *report and recommendation adopted,* No. 6:19-CV-00048, 2019 WL 2896596 (W.D. La. July 3, 2019), wherein this Court found the clause, "Place of jurisdiction is Lafayette, Louisiana," to be permissive.

Where both forum selection clauses point to New Orleans, the presence of a permissive forum selection clause does not counteract the mandatory character of the forum selection clause in the Buy Back Agreement. If anything, the handwritten clause on the order form reinforces the parties' intent to litigate only in New Orleans. Thus, for the same reasons that the other Plaintiffs' cases should be transferred to Florida pursuant the parties' agreement, the Plantation Trace case should be transferred to the Eastern District of Louisiana.

## Conclusion

16

For the reasons discussed herein, the Court recommends the Defendant's Motion to Transfer be GRANTED. All Plaintiffs' cases, except for Plantation Trace, LLC, should be transferred to the Southern District of Florida. Further, pursuant to the parties' agreement that Plantation Trace should be severed, the Court recommends that Plantation Trace's case be severed from the remaining Plaintiffs and transferred to the Eastern District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

       THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of October,

2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE